**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

TIMOTHY NESDAHL                                                                      PETITIONER
Reg. #31388-009

v.                                                          2:23-cv-00212-JM-JJV

C. GARRETT, Warden,
FCC Forrest City                                                                    RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge

James M. Moody, Jr.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports

your objection.  Your objections must be received in the office of the United States District Court

Clerk no later than fourteen (14) days from the date of this recommendation.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

**DISPOSITION**

**I.      INTRODUCTION**

Petitioner Timothy Nesdahl, an inmate at the Forrest City Federal Prison Camp, brings this

*pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (Doc. No. 1.)  He alleges

his prosecution for possession of a prohibited object in prison violated his equal protection rights

and that the Bureau of Prisons ("BOP") is improperly denying him time credits under the First

Step Act of 2018, 18 U.S.C. §§ 3631-3635.  (*Id*. at 6, Doc. No. 2 at 4-14.)  After careful

consideration of Mr. Nesdahl's Petition as well as the Response (Doc. No. 7) and Reply (Doc. No. 10), I recommend the Petition be denied.

## II.     FACTS

In 2019, Mr. Nesdahl pleaded guilty to one count of possession with intent to distribute methamphetamine and was sentenced to ten years' imprisonment. (Doc. No. 7-1 at 1-2.)  In 2021, while Mr. Nesdahl was serving that sentence at the Federal Correctional Institution – Forrest City, he was charged by misdemeanor information with one count of possessing a prohibited object – namely, a phone – in prison, in violation of 18 U.S.C. § 1791(a)(2).  *United States v. Timothy Nesdahl*, No. 2:21-cr-00125-1-JJV (E.D. Ark. 2021), Doc. No. 1.  Mr. Nesdahl entered a guilty plea and was sentenced to two months' imprisonment, to run consecutively to the sentence he was already serving.[1]  (Doc. No. 7-2 at 1-2.)

## III.     ANALYSIS

### A.     Equal Protection

Mr. Nesdahl alleges he received "more severe treatment" than other similarly situated inmates, as he was prosecuted for possessing a cell phone in prison while many other inmates who committed the same violation only received an incident report.  (Doc. No. 1 at 6.)  According to Mr. Nesdahl, this discrepancy amounts to a violation of his equal protection rights.  (Doc. No. 2 at 6.)

As Respondent points out (Doc. No. 7 at 2-3), this claim challenges the lawfulness of Mr. Nesdahl's conviction, and it is not cognizable in a habeas corpus petition under § 2241.  An inmate seeking to challenge the lawfulness of the imposition of his federal conviction and sentence must

---

[1] Mr. Nesdahl's sentence has recently been reduced to one month based on an amendment to the United States Sentencing Guidelines.  *U.S. v. Nesdahl*, 2:21-cr-00125-1-JJV, Doc. No. 14.

generally bring a 28 U.S.C. § 2255 motion to the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Because a § 2255 motion attacks the validity of the conviction or sentence, it is a "further step in the movant's criminal case," and subject matter jurisdiction lies with the convicting and sentencing court. *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983) (per curiam); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam). In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and is properly brought before the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). Mr. Nesdahl's claim, although filed as one pursuant to § 2241, does not attack the execution of his sentence but the validity of it.

A petitioner cannot use § 2241 to challenge a conviction or sentence unless he first shows that § 2255 would be inadequate or ineffective. *Abdullah*, 392 F.3d at 959. The requirement that a petitioner must first demonstrate that § 2255 is inadequate or ineffective comes from § 2255's savings clause:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). As a purely practical matter, it is the burden of the petitioner to demonstrate that § 2255 relief in the sentencing court would be inadequate or ineffective. *DeSimone*, 805 F.2d at 323 (citing *Von Ludwitz v. Ralston,* 716 F.2d 528, 529 (8th Cir. 1983) (per curiam)). In establishing such a requirement, the United States Court of Appeals for the Eighth Circuit has clearly stated:

3

> Significantly, in order to establish a remedy is "inadequate or ineffective" under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition. This court has held a § 2255 motion is not "inadequate or ineffective" merely because: (1) "§ 2255 relief has already been denied," (2) "[the] petitioner has been denied permission to file a second or successive § 2255 motion," (3) "a second or successive § 2255 motion has been dismissed," or (4) "[the] petitioner has allowed the one year statute of limitations and/or grace period to expire."

*Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)).  It is well settled that "§ 2255 is not inadequate or ineffective where a petitioner had any opportunity to present his claim beforehand."  *Abdullah*, 392 F.3d at 963 (citing *Hill*, 349 F.3d at 1092).

Mr. Nesdahl offers no basis on which to find that the remedy under § 2255 would be inadequate or ineffective to test the legality of his conviction and sentence.  Accordingly, this claim should be dismissed for lack of jurisdiction.[2]

### B.     First Step Act Credits

Mr. Nesdahl also argues the BOP has improperly denied him time credits under the First Step Act.  (Doc. No. 2 at 12-14.)  He acknowledges that possession of contraband in prison is a disqualifying offense pursuant to 18 U.S.C. § 3632(d)(4)(D)(xxix).  (*Id*. at 12.)  However, he contends the BOP has erroneously aggregated his two sentences.  (*Id*. at 13-14.)  According to Mr. Nesdahl, because the sentences were ordered to run consecutively, he is presently serving time only for the possession with intent to distribute methamphetamine, which is not a disqualifying offense.  (*Id*. at 14.)  Mr. Nesdahl submits he is eligible to receive time credits while serving this sentence.  (*Id*.)

---

[2] Mr. Nesdahl's claim cannot be converted to one under § 2255, even though he was convicted and sentenced in this Court, because it would be barred by § 2255's one-year statute of limitations. *See* 28 U.S.C. § 2255(f).

The United States Court of Appeals for the Eighth Circuit has previously rejected Mr. Nesdahl's argument. *See Sok v. Eischen*, No. 23-1025, 2023 WL 5282709 (8th Cir. Aug. 17, 2023) (per curiam). As the Eighth Circuit stated, multiple terms of imprisonment, whether ordered to run consecutively or concurrently, "shall be treated for administrative purposes as a single, aggregate term of imprisonment," pursuant to 18 U.S.C. § 3584(c). *Id*. at 1. Therefore, a prisoner who has been convicted of a disqualifying offense is ineligible to receive First Step Act credits, even if he has also been convicted of offenses that are not disqualifying. *Id*.; *see also Davila-Robles v. Kessel*, No. 2:23-cv-00017-LPR, 2024 WL 474853 (E.D. Ark. Feb. 7, 2024); *Tyler v. Garrett*, No. 2:23-cv-00038-JM-JTR, 2023 WL 8244088 (E.D. Ark. Oct. 11, 2023), *report and recommendation adopted*, 2023 WL 8235250 (E.D. Ark. Nov. 28, 2023); *Satizabal v. Edge*, No. 2:23-cv-00040-KGB-PSH, 2023 WL 5746932 (E.D. Ark. Sept. 6, 2023) (recommended decision). In light of this authority, Mr. Nesdahl's claim is without merit.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Nesdahl's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DENIED.

DATED this 16th day of April 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE